# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| LLOYD VAN WINKLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-CV-1213-NCC |
| | ) | |
| MICK KEANE'S EXPRESS DELIVERY SERVICE, INC., d/b/a Keane's Express Delivery, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the "Joint Motion for Settlement Approval," docketed as a "Notice of Settlement," filed by plaintiff Lloyd Van Winkle and defendant Mick Keane's Express Delivery Service, Inc. (collectively "the parties") (ECF No. 14). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the following reasons, the Court will grant the Joint Motion for Settlement Approval, and will dismiss this case with prejudice.

### Background

This case originated in the Circuit Court of St. Louis County, where Plaintiff filed a Petition for Damages against Defendant to assert claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. Briefly, Plaintiff claimed Defendant violated the FLSA, 29 U.S.C. § 216(b), by failing to properly classify him as an employee under the FLSA, and pay him the required overtime wages. Defendant denied that Plaintiff was an employee under the FLSA, and denied he was entitled to FLSA overtime. On October 12, 2021, Defendant removed the matter to this United States District Court.

In the instant motion, the parties, through their attorneys, state they have reached a settlement of all of Plaintiff's claims, and they ask this Court to enter an order approving the settlement as a fair and reasonable settlement of a bona fide dispute. They have submitted information from which the Court can assess the settlement's fairness, including a Settlement Agreement ("Agreement") that provides that Defendant will pay Plaintiff a total settlement amount of $750.00 to resolve all claims between the parties. The parties further aver they have negotiated attorneys' fees and costs in the amount of $375.00. The parties have submitted a Proposed Order that grants their motion and approves the settlement, and dismisses this action with prejudice, with each party to bear its own costs.

## Discussion

It is unclear whether judicial approval of the proposed settlement is required. *See Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1026 (8th Cir. 2019) (recognizing a circuit split on the issue of whether to require judicial approval of all FLSA settlements); *King v. Raineri Const., LLC,* No. 4:14-CV-1828 CEJ, 2015 WL 631253, at *1 (E.D. Mo. Feb. 12, 2015) ("the law is unsettled as to whether judicial approval of a proposed settlement of FLSA claims is required in the absence of a certified class."). However, because the parties have mutually sought judicial approval of their proposed settlement, and declining to review the proposed settlement would leave them in an uncertain position, the Court will review the proposed settlement's terms for fairness. *See King,* 2015 WL 631253, at *1.

"When a district court reviews a proposed FLSA settlement, it may approve the settlement agreement after it determines that the litigation involves a bona fide dispute, and that the proposed settlement is fair and equitable to all parties." *Stainbrook v. Minnesota Department of Public Safety,* 239 F. Supp. 3d 1123, 1126 (D. Minn. 2017) (citing *Fry v. Accent Mktg. Servs., L.L.C.,* No.

2

4:13-CV-59 CDP, 2014 WL 294421, at *1 (E.D. Mo. Jan. 27, 2014)). The requirement that the litigation involves a bona fide dispute is satisfied when the settlement "reflects a reasonable compromise over issues that are actually in dispute." *Id.* When evaluating a settlement's fairness, courts consider the totality of the circumstances, including factors such as "the stage of the litigation, the amount of discovery exchanged, the experience of counsel, and the reasonableness of the settlement amount based on the probability of plaintiffs' success with respect to any potential recovery." *Berry v. Best Transportation, Inc.*, No. 4:16-CV-00473 JAR, 2020 WL 512393, at *1 (E.D. Mo. Jan. 31, 2020) (citation omitted). *See King*, 2015 WL 631253, at *2-3.

This Court has duly considered the averments set forth in the parties' Joint Motion for Settlement Approval, along with all of the parties' submissions with respect to the proposed settlement. The Court finds the settlement resolves a bona fide dispute. The settlement comes following contested litigation involving Plaintiff's claims that he was an employee covered by the FLSA and Defendant wrongfully failed to pay him for overtime, and Defendant's assertion that Plaintiff was an independent contractor and not entitled to such pay.

The Court also finds the settlement is fair and reasonable. The Court has reviewed the terms and conditions of the parties' Agreement, including the settlement amount and attorneys' fees, and finds it reflects a fair compromise based on the merits of Plaintiff's claims. The parties aver that while formal discovery had yet to begin, they developed their cases such that they were aware of the potential recovery and the relative risks of proceeding to trial, they engaged in preliminary discovery, and they communicated with each other to responsibly resolve this dispute in an informed manner. The Agreement pays Plaintiff for overtime he claims Defendant wrongfully withheld, a claim Defendant disputed, and the parties aver there is a serious question regarding Defendant's ability to withstand a larger judgment. Additionally, the parties have been represented

by competent counsel. Finally, there is no indication the attorneys' fees are unreasonable. *See Melgar v. OK Foods,* 902 F.3d 775, 779-80 (8th Cir. 2018). The Court finds no basis to doubt that the settlement is a fair and equitable resolution of a bona fide dispute.

Accordingly,

**IT IS HEREBY ORDERED** that the Joint Motion for Settlement Approval filed by plaintiff Lloyd Van Winkle and defendant Mick Keane's Express Delivery Service, Inc., docketed as a "Notice of Settlement," is **GRANTED**. (ECF No. 14)

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITH PREJUDICE** in its entirety. Each party shall bear its own costs and fees except as otherwise provided in the Agreement.

Dated this 14th day of April, 2022.

/s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE